IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. CV 15-0424 WJ/GBW
                                                   CR 13-2957 WJ

JESUS ARMANDO MIXTEGA-VILLEGAS,

    Defendant.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Defendant's letter (CV Doc. 7) filed on July 24, 2015, and entered on the docket as a motion for reconsideration of the order that dismissed his motion under 28 U.S.C. § 2255 as untimely filed. The Court construes the letter as a motion under rule 60(b) of the Federal Rules of Civil Procedure for relief from judgment (the "motion"). *See Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005) ("Because Petitioner's Rule 60(b) motion challenge[d] only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition."), *cited in United States v. DeWilliams*, 554 F. App'x 752, 752-53 (10th Cir. 2014).

        In Defendant's § 2255 motion and his response to an order to show cause, he asserted that he was falsely accused of selling drugs and his plea was based on false promises. The Court dismissed the § 2255 motion because Defendant failed to explain why his motion was not barred by the applicable statute of limitations. Now, in his 60(b) motion, Defendant asserts, with no supporting factual allegations, that his § 2255 motion was timely filed because "I had until May 22, 2015 to do it." On review of its original analysis of this issue (CV Docs. 2, 5; CR Docs. 27, 29) and the criminal docket, the Court finds no support for Defendant's position that the one-year

limitation period applicable to his § 2255 motion had not expired when he filed the motion. The Court will therefore deny Defendant's motion for relief from judgment.

Furthermore, under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines *sua sponte* that Defendant has again failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability. "To challenge the denial of a true Rule 60(b) motion, [Defendant] must obtain a COA." *United States v. Rice*, 594 F. App'x 481, 484 (10th Cir. 2014).

IT IS THEREFORE ORDERED that Defendant's letter (CV Doc. 7) filed on July 24, 2015, construed as a motion under rule 60(b) of the Federal Rules of Civil Procedure for relief from judgment, is DENIED; and a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE